IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEWEL DEL MAR MOORE )<br>      Plaintiff, )<br>)<br>   vs. )<br>)<br>KAILUA KONA PROPERTIES, LLC, )<br>U.S. BANK, and MICHAEL H. )<br>SCHLUETER, )<br>)<br>      Defendants. )<br>_____ ) | CIVIL 18-00159 LEK-KSC |

**ORDER DISMISSING PLAINTIFF'S COMPLAINT AND REQUEST
FOR INJUNCTION AND DENYING PLAINTIFF'S APPLICATION TO
<u>PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS</u>**

On May 1, 2018, pro se Plaintiff Jewel del Mar Moore ("Plaintiff") filed her Complaint and Request for Injunction ("Complaint") and an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). [Dkt. nos. 1, 2.] The Court has considered the Application as a non-hearing matter pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). For the reasons set forth below, the Complaint is hereby dismissed without prejudice. In other words, Plaintiff has the Court's permission to file an amended complaint to try to cure the defects in the Complaint. In addition, Plaintiff's Application is denied. If Plaintiff chooses to file an amended complaint, she must pay the required filing fee.

**STANDARD**

"Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates he is unable to pay." Smallwood v. Fed. Bureau of Investigation, CV. NO. 16-00505 DKW-KJM, 2016 WL 4974948, at *1 (D. Hawai`i Sept. 16, 2016) (citing 28 U.S.C. § 1915(a)(1)).

> The Court subjects each civil action commenced pursuant to Section 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

Id. at *3.

In addition, this Court has recognized that the following standards apply in the screening analysis:

> Plaintiff is appearing pro se; consequently, the court liberally construes her pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam))). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of

2

the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th. [sic] Cir. 2000).

Despite the liberal pro se pleading standard, the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion. See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); Ricotta v. California, 4 F. Supp. 2d 961, 968 n.7 (S.D. Cal. 1998) ("The Court can dismiss a claim *sua sponte* for a Defendant who has not filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."); see also Baker v. Dir., U.S. Parole Comm'n, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that district court may dismiss cases *sua sponte* pursuant to Rule 12(b)(6) without notice where plaintiff could not prevail on complaint as alleged). . . . "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." United States v. Marks, 530 F.3d 799, 810 (9th Cir. 2008) (quoting Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994)). The assumption is that the district court lacks jurisdiction. See Kokkonen, 511 U.S. at 377. Accordingly, a "party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

Flores v. Trump, CIVIL 16-00652 LEK-RLP, 2017 WL 125698, at *1 (D. Hawai`i Jan. 12, 2017) (some alterations in Flores) (citation omitted), *reconsideration denied*, 2017 WL 830966 (Mar. 2, 2017).

## DISCUSSION

### I.  Plaintiff's Claims

Plaintiff appears to be challenging a judicial foreclosure and ejectment from her property.  She alleges

3

Defendant U.S. Bank produced and used fraudulent documents, which resulted the transfer of Plaintiff's property to Defendant Kailua Kona Properties, LLC. [Complaint at pg. 7.[1]] She alleges she and her family have suffered mental anguish, stress, and anxiety, which diminished their quality of life and resulted in Plaintiff's divorce and disability. Plaintiff seek monetary damages and a court order quieting title to the property. [Id. at pg. 10.]

Plaintiff states the events giving rise to her claim occurred in July 2007. [Id.] Plaintiff's quiet title claim is likely subject to a six-year statute of limitations, pursuant to Haw. Rev. Stat. § 657-1(4).[2] See, e.g., Lynch v. Bank of New York Mellon, CIVIL 17-00195 LEK-RLP, 2017 WL 3568667, at *2 (D. Hawai`i Aug. 15, 2017) (noting the defendants' argument that the quiet title claim should be dismissed as time barred, but declining to address the argument because of other deficiencies in the claim's factual allegations). Although it is not clear

---

[1] Plaintiff's Complaint is a pre-printed form, with some pages of the form crossed out, and other pages added between the pages of the form. Thus, the page numbers on the form do not accurately reflect the page numbers for Plaintiff's Complaint. The citations to the Complaint in this Order refer to the page numbers assigned to the Complaint in the district court's electronic case filing system.

[2] Under § 657-1(4), "[p]ersonal actions of any nature whatsoever not specifically covered by the laws of the State" must "be commenced within six years next after the cause of action accrued, and not after."

4

exactly what specific claims Plaintiff is pursuing in this case, she appears to be asserting fraud claims, which would also be subject to the § 657-1(4) six-year statute of limitations. See Galima v. Ass'n of Apartment Owners of Palm Court ex rel. Bd. of Dirs., CIVIL 16-00023 LEK-KSC, 2017 WL 1240181, at *17 (D. Hawai`i Mar. 30, 2017). Plaintiff may also be asserting a wrongful foreclosure claim, which would be subject to a six-year statute of limitations period pursuant to Haw. Rev. Stat. § 657-1(1).[3] See id. at *10. Any other claims Plaintiff may be asserting likely have shorter limitations periods. For example, a claim for the intentional infliction of emotional distress would be subject to a two-year statute of limitations. See id. at *19.

Because more than ten years have passed since the events giving rise to Plaintiff's claims, her claims are time-barred. Plaintiff has therefore failed to state a claim that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007))); id. ("A claim has

---

[3] Section 657-1(1) requires the following actions to be brought within six years: "Actions for the recovery of any debt founded upon any contract, obligation, or liability, excepting such as are brought upon the judgment or decree of a court," subject to an exception inapplicable here.

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citing Twombly, 550 U.S. at 556, 127 S. Ct. 1955)). Plaintiff's Complaint is therefore dismissed.

The dismissal must be without prejudice because it is arguably possible for Plaintiff to cure the defects in her claims by amendment. See Lucas, 66 F.3d at 248. Plaintiff may be able to plead additional factual allegations that, if proven, would establish that: the statute of limitations did not begin to run until six years before the filing of the Complaint; or there is a basis for tolling of the statute of limitations. See, e.g., Galima, 2017 WL 1240181, at *16 (discussing tolling based on fraudulent concealment).

## II. **Filing an Amended Complaint**

Plaintiff is granted leave to file an amended complaint by **June 25, 2018**. Plaintiff's amended complaint must include **all** of the claims she wishes to allege, and **all** of the allegations her claims are based upon, even if she previously presented them in the original Complaint. She cannot incorporate any part of the original Complaint into the amended complaint by merely referring to the original Complaint.

This Court cautions Plaintiff that, if she fails to file her amended complaint by **June 25, 2018**, or if the amended

complaint fails to cure the defects the Court has identified in this Order, the Court will dismiss her claims **with prejudice** – in other words, **without leave to amend**. Plaintiff would then have no remaining claims in this case, and this Court would direct the Clerk's Office to close the case.

## II. Application

This district court has stated:

> Federal courts may authorize the commencement of any suit, without prepayment of fees or security, by a person who submits an affidavit that includes a statement of all assets the person possesses and demonstrates that he or she is unable to pay such costs or give such security. See 28 U.S.C. § 1915(a)(1). "[A]n affidavit is sufficient which states that one cannot because of [] poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont de Nemours & Co., 335 U.S. 331, 339 (1948) (internal quotations omitted); see also United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981) (stating that the affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty" (internal quotation omitted)).
>
> When reviewing a motion filed pursuant to § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004). While § 1915(a) does not require a litigant to demonstrate absolute destitution, Adkins, 335 U.S. at 339, the applicant must nonetheless show that he or she is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a).

Gillman v. United States, CIV NO. 16-00001 JMS-RLP, 2016 WL 80635, at *1 (D. Hawai`i Jan. 7, 2016) (alterations in Gillman).

Plaintiff has two dependent children under the age of eighteen. [Application at 2.] Her gross annual pay is $58,000, and her net annual pay is $43,004. [Id. at 1.] Plaintiff is well above the poverty threshold for a family of three in Hawai`i, which is $23,900.00. See Annual Update of the HHS Poverty Guidelines, 83 Fed. Reg. 2642-01 (Jan. 18, 2018). Further, based on Plaintiff's cash accounts, vehicles, and her regular monthly expenses, [Application at 2,] this Court finds that Plaintiff would be able to pay the costs associated with this case and "still be able to provide [her]self and dependents with the necessities of life." See Adkins, 335 U.S. at 339. Plaintiff's Application is therefore denied without prejudice.

If Plaintiff chooses to file an amended complaint, she must either pay the required filing fee or file an updated application to proceed without the prepayment of fees that provides additional information about her alleged inability to pay the costs associated with this case. If Plaintiff fails to either pay the filing fee or file an updated application, Plaintiff's amended complaint may be automatically dismissed.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Complaint and Request for Injunction, filed May 1, 2018, is HEREBY

DISMISSED.  The dismissal is WITHOUT PREJUDICE to the filing of an amended complaint that cures the defects identified in this Order.  This Court GRANTS Plaintiff leave to file her amended complaint by **June 25, 2018**.  The amended complaint must comply with the terms of this Order.

In addition, Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, filed May 1, 2018, is HEREBY DENIED.  If Plaintiff chooses to file an amended complaint, she must either pay the required filing fee or file an updated application establishing her eligibility to proceed without the prepayment of fees.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 10, 2018.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JEWEL DEL MAR MOORE VS. KAILUA KONA PROPERTIES, LLC, ET AL; CIVIL 18-00159 LEK-KSC; ORDER DISMISSING PLAINTIFF'S COMPLAINT AND REQUEST FOR INJUNCTION AND DENYING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**